PHILIP R. SELLINGER
United States Attorney
SUSAN MILLENKY
Assistant United States Attorney
970 Broad Street
Newark, NJ 07102
Tel: (973) 645-2700

KRISTEN CLARKE
Assistant Attorney General
CARRIE PAGNUCCO
Chief
NOAH SACKS
NATHAN SHULOCK
Trial Attorneys
Housing and Civil Enforcement
Section
Civil Rights Division
U.S. Department of Justice
150 M Street, NE
Washington, DC 20530
Tel: (202) 598-3254

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAI CENTER FOR LIVING
JUDAISM, INC., and RIVKAH
BOGOMILSKY,

        Plaintiffs,

    v.

TOWNSHIP OF MILLBURN, NEW
JERSEY, and TOWNSHIP OF
MILLBURN, NEW JERSEY ZONING
BOARD OF ADJUSTMENT,

        Defendants.

HON. MADELINE COX ARLEO

Civil Action No. 2:23-cv-1833-MCA-
MAH

## STATEMENT OF INTEREST OF
## THE UNITED STATES OF AMERICA

On the Brief:

Susan Millenky
Assistant U.S. Attorney

Nathan Shulock
Trial Attorney

**Table of Contents**

I.      INTRODUCTION ................................................................................. 1

II.     BACKGROUND ................................................................................. 3

III.    ARGUMENT ...................................................................................... 6

    A.   Under RLUIPA, a Federal Court Should Not Apply a Deferential
         Arbitrary and Capricious Standard of Review to a Zoning Board's
         Denial of a Land Use Application........................................................ 7

    B.   Plaintiffs' RLUIPA Claims Are Ripe............................................. 13

IV.     CONCLUSION ................................................................................ 17

## Table of Authorities

<u>**Cases**</u>

*A Hand of Hope Pregnancy Res. Ctr. v. City of Raleigh*,
    332 F. Supp. 3d 983 (E.D.N.C. 2018)........................................................ 8

*Allied Realty, Ltd. v. Borough of Upper Saddle River*,
    221 N.J. Super. 407 (App. Div. 1987) ..................................................... 16

*Assisted Living Assocs. of Moorestown, L.L.C. v. Moorestown Twp.*,
    996 F. Supp. 409 (D.N.J. 1998) ............................................................... 17

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*,
    501 U.S. 104 (1991) ................................................................................ 10

*Church of Our Lord & Savior Jesus Christ v. City of Markham*,
    913 F.3d 670 (7th Cir. 2019) ................................................................... 14

*Cnty. Concrete Corp. v. Twp. of Roxbury*,
    442 F.3d 159 (3d Cir. 2006) ............................................................. 13, 14

*Cohen v. Twp. of Cheltenham*,
    174 F. Supp. 2d 307 (E.D. Pa. 2001)........................................................ 8

*Congregation Etz Chaim v. City of Los Angeles*,
    No. 10-cv-1587, 2011 WL 12462883 (C.D. Cal. Jan. 6, 2011) .......... 11, 12

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*,
    915 F. Supp. 2d 574 (S.D.N.Y. 2013) .................................................... 14

*Connelly v. Lane Constr. Corp.*,
    809 F.3d 780 (3d Cir. 2016)...................................................................... 9

*Fed. Kemper Ins. Co. v. Rauscher,*
    807 F.2d 345 (3d Cir. 1986) ....................................................................... 16

*Garden State Islamic Ctr. v. City of Vineland,*
    358 F. Supp. 3d 377 (D.N.J. 2018) ........................................................... 16

*Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter,*
    326 F. Supp. 2d 1128 (E.D. Cal. 2003) ................................................ 9, 11

*Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter,*
    326 F. Supp. 2d 1140 (E.D. Cal. 2003) ..................................................... 8

*Hedges v. United States,*
    404 F.3d 744 (3d Cir. 2005) ....................................................................... 9

*House of Fire Christian Church v. Zoning Bd. of Adjustment of City of Clifton,*
    379 N.J. Super. 526 (App. Div. 2005) ..................................................... 16

*Islamic Soc'y of Basking Ridge v. Twp. of Bernards,*
    226 F. Supp. 3d 320 (D.N.J. 2016) ........................................................... 12

*Israelite Church of God in Jesus Christ, Inc. v. City of Hackensack,*
    No. CIV.A. 11-5960, 2012 WL 3284054 (D.N.J. Aug. 10, 2012) ...................... 15, 16

*Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty.,*
    915 F.3d 256 (4th Cir. 2019) ..................................................................... 12

*Murphy v. New Milford Zoning Comm'n,*
    402 F.3d 342 (2d Cir. 2005) ....................................................................... 17

*Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.,*
    692 F.3d 283 (3d Cir. 2012) ....................................................................... 16

*Opulent Life Church v. City of Holly Springs,*
    697 F.3d 279 (5th Cir. 2012) ..................................................................... 14

*Peachlum v. City of York,*
   333 F.3d 429 (3d Cir. 2003) ...................................................................... 13

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,*
   998 F.2d 1192 (3d Cir. 1993) ...................................................................... 5

*Price v. Himeji, LLC,*
   214 N.J. 263 (2013) ...................................................................................... 8

*Russell v. Bd. of Adjustment of Tenafly,*
   31 N.J. 58 (1959) .......................................................................................... 9

*Schmidt v. Skolas,*
   770 F.3d 241 (3d Cir. 2014) ........................................................................ 5

*Spruill v. Gillis,*
   372 F.3d 218 (3d Cir. 2004) ........................................................................ 9

*Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City,*
   473 U.S. 172 (1985) ................................................................................ 13-15

## Statutes

28 U.S.C. § 517 ................................................................................................ 1
42 U.S.C. § 2000cc-2(c) .................................................................................. 9
42 U.S.C. § 2000cc-2(f) ................................................................................... 1
42 U.S.C. § 2000cc-3(g) .......................................................................... 12, 16
42 U.S.C. §§ 2000cc - 2000cc-5 .................................................................. 1, 2

## I.   INTRODUCTION

The United States respectfully submits this statement of interest pursuant to 28 U.S.C. § 517 to provide the United States' views on the issues concerning the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc - 2000cc-5, raised by defendants' pending motion for judgment on the pleadings.  The Department of Justice has authority to enforce RLUIPA and to intervene in proceedings involving RLUIPA.  42 U.S.C. § 2000cc-2(f).  The United States has a strong interest in the RLUIPA issues raised by the pending motion and believes that its participation will assist the Court.

Plaintiff the Chai Center for Living Judaism has tried, over the course of at least two decades, to construct a house of worship in the Township of Millburn.  In 2000, the Chai Center applied for a variance application to operate a house of worship in the Township.  The Township's Zoning Board of Adjustment denied the application. In December 2022, the Zoning Board denied the Chai Center's second application for a variance to construct a different house of worship on the same property, explaining that the denial was based on the legal principle of *res judicata*.  In March 2023, the Chai Center sued the Township and the Zoning Board, alleging, among other claims, four separate violations of RLUIPA.

In their pending motion for judgment on the pleadings, defendants do not dispute the basic procedural facts alleged the complaint.  Instead, they ask this Court to defer to the Zoning Board's 2022 *res judicata* finding and hold that the RLUIPA claims must fail unless plaintiffs prove that the denial was arbitrary and capricious.

Defendants' request is irreconcilable with the language and purpose of RLUIPA.  RLUIPA prohibits governmental entities from imposing or implementing a land use regulation in a manner that substantially burdens religious exercise, discriminates against religious assemblies, subjects religious entities to lesser terms than their secular counterparts, or unreasonably limits religious institutions in a particular jurisdiction.  42 U.S.C. § 2000cc.  RLUIPA's protections extend to plaintiffs, regardless of whether the denial was permissible under state law.  The Zoning Board's stated justification does not entitle it to deference or alter the standard of review under RLUIPA.  At this stage, plaintiffs must only allege the elements of their RLUIPA claims.  They have done so.  While the arbitrary and capricious standard of review sought by defendants may be relevant to other claims, it is inapplicable to this Court's consideration of plaintiffs' RLUIPA claims.

Defendants' alternative argument that the Zoning Board should have the opportunity to reconsider plaintiffs' application because the Zoning Board purportedly based its 2022 denial on *res judicata* likewise fails.  As alleged in the complaint, the Zoning Board's action was a final decision that deprived plaintiffs of their ability to use their land for religious exercise.  Plaintiffs' claim that this action violated RLUIPA is therefore ripe.  The United States respectfully submits this statement of interest to address these issues.[1]

---

[1] The United States takes no position on plaintiffs' non-RLUIPA claims (Counts V-VII) or defendants' motion for a stay of discovery.

## II.    BACKGROUND

Plaintiffs' complaint details the yearslong efforts of the Chai Center to establish a house of worship in the Township of Millburn, New Jersey.  The United States will limit the summary of the factual allegations to those relevant to the RLUIPA issues raised by the pending motion.[2]

As the complaint alleges, the Chai Center is a small, Chabad-Lubavitch-affiliated religious group, which grew out of a home prayer meeting group led by Rabbi Mendel Bogomilsky and his wife, plaintiff Rivkah Bogomilsky.  Compl. (ECF No. 1) ¶¶ 13-16, 41.  The Chai Center owns three plots of land located at 437 and 439 Millburn Avenue in the Township of Millburn (collectively, the Millburn Property).  *Id.*  ¶¶ 74, 75.  The Millburn Property is 0.85 acres in size and located in the Township's R-6 zoning district.  *Id.* ¶¶ 76-77.  The Township of Millburn's zoning code does not permit a house of worship to locate anywhere in the Township by right.  *Id.* ¶ 88.  Houses of worship are permitted as conditional uses in certain districts, including the R-6 zoning district, which means that houses of worship may locate in those districts if they satisfy twelve additional requirements, including a minimum acreage of three acres and various required setbacks.  *Id.* ¶ 97.  Plaintiffs allege that there are no unimproved three-acre lots in residential zones where houses of worship are allowed as conditional uses.  *Id.* ¶¶ 209, 343-44.

---

[2] For the purposes of this statement of interest, the United States treats the factual allegations in plaintiffs' complaint as true.

On February 7, 2000, the Chai Center filed a conditional use variance application with the Township's Planning Board to establish a house of worship on the Millburn Property with a 45-seat sanctuary. *Id.* ¶ 143. The application sought a variance from the three-acre requirement, a variance from the parking requirement, a variance that would permit two principal uses (residential and religious) on the same lot, permission to combine three existing lots on the Millburn Property into one lot, and approval for a sign larger than what the code permitted. *Id.* ¶ 148. On December 12, 2001, the Planning Board voted not to recommend approval of the application to the Township's Zoning Board. *Id.* ¶ 160. The Zoning Board denied the application in a resolution dated February 25, 2002. *Id.* ¶ 162. After that denial, the Bogomilskys tried, unsuccessfully, to purchase a three-acre lot in the Township. *Id.* ¶¶ 164-171, 173. The Bogomilskys also moved their personal residence away from the Millburn Property. *Id.* ¶¶ 174, 175, 180.

On July 13, 2021, the Chai Center filed a second application for conditional use of the Millburn Property as a house of worship. *Id.* ¶ 217. Unlike the prior Millburn Property application, which sought the dual use of the property as residential and religious, with separate buildings for each, the second variance request sought to construct a new, 12,972-square foot house of worship on the Millburn Property. *Id.* ¶ 219. The Zoning Board held six hearings to consider the application. *Id.* ¶ 230. According to the complaint, the Zoning Board permitted extensive questioning by neighbors opposed to the application. *Id.* ¶¶ 233-38, 241-51, 257-64. Plaintiffs allege that the questioning rarely centered on whether the 2001 denial precluded a decision

4

on the merits in 2022. *Id.* ¶ 245. The hearings included testimony from multiple Chai Center planners on the substance of Chai Center's second variance application and how it differed from the plans proposed in 2000. *Id.* ¶¶ 231, 265. The hearings also included testimony from Rabbi Bogomilsky about the proposed use and design of the property. *Id.* ¶¶ 252. The Zoning Board voted to deny the second application on December 19, 2022. *Id.* ¶¶ 278-80, 321.

A twenty-three-page resolution, adopted February 6, 2023, memorialized the decision and set forth the Zoning Board's factual findings. *See* Resolution Cal. No. 3800-21, Ex. C to Mot. for J. on the Pleadings (ECF No. 24-3).[3] The resolution detailed the substantive findings that supported the first denial and recounted the substantive evidence the Zoning Board had considered during its six hearings on the Chai Center's second application, including testimony from the congregation's two professional planners, professional engineer, and architect about the proposed development, the changes in the neighborhood since 2001, and the comparable conditional use relief required by other houses of worship in the community. *Id.* ¶¶ 8-13, 19-26, 30-38. The resolution also noted that the Zoning Board heard testimony from Rabbi Bogomilsky about the character of his congregation and the planned use

---

[3] Defendants have included the Zoning Board's February 6, 2023 resolution of denial as Exhibit C to their motion for judgment on the pleadings. Courts considering motions to dismiss may consider "undisputedly authentic" documents attached as an exhibit to the motion if the plaintiffs' claims are based on that document, and take judicial notice of public records, without converting the motion to a motion for summary judgment. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

of the property, and permitted nine neighbors opposed to the construction of a larger house of worship for the Chai Center to raise substantive objections to the Chai Center's proposal. *Id.* ¶¶ 27-28. After reviewing the substantive evidence considered, the resolution made several factual findings. *Id.* ¶¶ 55-60. Specifically, the Zoning Board found that the character of the neighborhood had not changed in twenty years, and that the parking, seating, and size issues identified by the Board in its prior denial remained. *Id.* The resolution characterized this denial as one "on legal grounds based on the doctrine of *res judicata.*" *Id.* ¶ 62.

In March 2023, plaintiffs sued the Township and the Zoning Board. The complaint, among other counts, raises four RLUIPA claims. *See* Compl. Specifically, plaintiffs allege that defendants' actions over several decades, culminating in the February 2023 Zoning Board denial of plaintiffs' variance application on the stated basis of *res judicata*, have substantially burdened plaintiffs' ability to worship freely without advancing a compelling government interest. *Id.* ¶¶ 339, 356-57. Plaintiffs further allege that defendants have implemented their land use regulations in a manner that discriminates against plaintiffs based on their religion, disadvantages religious land uses as compared to secular ones, and unreasonably limits religious assemblies and institutions. *Id.* ¶¶ 358-63.

## III.   ARGUMENT

In their motion for judgment on the pleadings, defendants conflate the standard of review for challenging the application of *res judicata* under New Jersey state law with pleading standards for federal civil rights claims. Specifically,

defendants ask this Court to apply the deferential arbitrary and capricious standard of review, used by *New Jersey* courts to determine whether zoning board determinations comply with *New Jersey* state law, to dismiss plaintiffs' *federal* RLUIPA claims. But that is not the correct standard for reviewing RLUIPA claims. This Court owes no deference to the Zoning Board's *res judicata* finding. The only relevant question posed by a failure to state a claim challenge—like defendants have raised here—is whether plaintiffs have adequately pled the elements of each alleged RLUIPA violation. Defendants provide no authority to suggest that there is any other standard.

Defendants also assert, as an alternative basis for dismissal, that plaintiffs' RLUIPA claims are not ripe, but that argument also fails. Defendants' 2022 denial of plaintiffs' conditional use and variance application was a final determination that inflicted a concrete injury on plaintiffs. Ripeness requires nothing more.

### A. Under RLUIPA, a Federal Court Should Not Apply a Deferential Arbitrary and Capricious Standard of Review to a Zoning Board's Denial of a Land Use Application

Plaintiffs allege that the Township of Millburn and its Zoning Board have violated RLUIPA's substantial burden, non-discrimination, equal terms, and unreasonable limitation provisions in their implementation of the Township's zoning code. Defendants ask the Court to dismiss those claims because "the complaint lacks factual allegations showing that the Board's *res judicata* determination was

arbitrary, capricious or unreasonable."[4]  *See* Defs.' Br. in Supp. of Mot. for J. on the Pleadings and Stay of Discovery (Defs.' Mot.) (ECF No. 24-1) at 1-2, 12; Proposed Order for J. on the Pleadings and Stay (ECF No. 24-4) (proposing grant of defendants' motion without specifying any individual count).[5]

Under RLUIPA, however, this Court owes no deference to the Zoning Board's denial.  *See Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 326 F. Supp. 2d 1140, 1142 n.1 (E.D. Cal. 2003), *aff'd*, 456 F.3d 978 (9th Cir. 2006) (holding that, under RLUIPA, "proceedings" before land use boards are not "deserving of any particular deference"); *A Hand of Hope Pregnancy Res. Ctr. v. City of Raleigh*, 332 F. Supp. 3d 983, 995 (E.D.N.C. 2018) (rejecting defendant's contention that district court was bound by zoning board's administrative determination that plaintiff religious organization operating a pregnancy resource center was a "medical use" for zoning purposes); *see also Cohen v. Twp. of Cheltenham*, 174 F. Supp. 2d 307, 315 (E.D. Pa. 2001) (in Fair Housing Act case challenging zoning board's failure to grant a reasonable accommodation, court held that it "will give no deference to the Board's findings" and "will not adopt the Board's findings of fact or its conclusions of law").

That plaintiffs' land use application was denied based on state-law *res judicata* grounds is irrelevant to the standard of review applicable in this Court to a motion

---

[4] Indeed, outside of the RLUIPA context, that is the standard of review that New Jersey courts apply to zoning board decisions.  *See Price v. Himeji, LLC*, 214 N.J. 263, 284 (2013).

[5]  Defendants' argument on this point does not appear to be limited to only Count VII, a non-RLUIPA count that specifically challenges the Zoning Board's dismissal on *res judicata* grounds.  At the very least, their motion seems to suggest that a finding in defendants' favor on Count VII warrants dismissal of all remaining claims.

challenging whether plaintiffs have adequately stated RLUIPA claims.  The relevant question is simply whether plaintiffs plausibly pled each element of their RLUIPA claims, not whether defendants' denial was arbitrary or capricious.  *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).  Defendants, however, do not argue or even suggest in their motion that plaintiffs have failed to allege the elements of their RLUIPA claims.  *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) ("The defendant bears the burden of showing that no claim has been presented.") (citation omitted).

Although defendants characterize their argument as based on "*res judicata*," they do not claim that there has been any prior decision on plaintiffs' RLUIPA claims. Rather, they argue that the 2001 zoning decision had a "*res judicata*" effect under New Jersey law on the 2022 zoning decision.  *See* Defs.' Br. at 12 (citing *Russell v. Bd. of Adjustment of Tenafly*, 31 N.J. 58, 65 (1959), and other New Jersey cases). Their claim, in other words, is premised on deference they assert is due under state law, not RLUIPA.  Indeed, any argument that the 2001 denial has preclusive effect on the RLUIPA claims before this Court would easily fail, since "[a]djudication of a claim of a violation of [RLUIPA] in a non-Federal forum shall not be entitled to full faith and credit in a Federal court unless the claimant had a full and fair adjudication of that claim in the non-Federal forum."  42 U.S.C. § 2000cc-2(c); *see also Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter,* 326 F. Supp. 2d 1128, 1134 (E.D. Cal. 2003) ("It would be counterintuitive, to say the least, for a federal court to shield local government officials from scrutiny under the Constitution and federal civil rights

laws by giving preclusive effect to their allegedly discriminatory decisions."). Even assuming that the Zoning Board was competent to adjudicate a RLUIPA claim arising out of its own decision—which it is not—plaintiffs' RLUIPA claims were not adjudicated during the prior Zoning Board proceeding, and defendants make no argument that they were.

To apply the deferential arbitrary and capricious standard advanced by defendants would thwart the purpose of RLUIPA, which was enacted to protect religious groups from land use decisions that unfairly burden religious exercise, regardless of their validity under state or local law. In the related context of administrative estoppel,[6] the Supreme Court has been clear that federal causes of action created to challenge state or local administrative decisions cannot be limited or precluded by the very decisions they challenge. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111-12 (1991) (observing, in an Age Discrimination in Employment Act case, that a plaintiff who files a federal lawsuit "after termination of state proceedings will therefore ordinarily do so only when the state agency has held against him" and that "applying preclusion would thus reduce to insignificance those cases in which federal consideration might be pursued in the wake of the completed proceedings of state agencies").

In the RLUIPA context, courts have repeatedly rejected similar efforts by municipalities and land use boards to rely on a disputed land use decision to avoid

---

[6] Those cases consider whether and when agency determinations are entitled to preclusive effect in federal court.

reaching the substance of a religious group's RLUIPA claims arising from that very decision. These courts have recognized that RLUIPA provides a mechanism for contesting the conduct of land use boards and that it would be illogical to defer to those same entities, or preclude claims arising out of those decisions, when adjudicating RLUIPA claims. *See Guru Nanak Sikh Soc'y of Yuba City,* 326 F. Supp. 2d at 1134 (holding that defendant county's denial of religious group's conditional use permit application had no preclusive effect on group's RLUIPA claims); *Congregation Etz Chaim v. City of Los Angeles*, No. 10-cv-1587, 2011 WL 12462883, at *7 (C.D. Cal. Jan. 6, 2011) (same).

In *Congregation Etz Chaim v. City of Los Angeles,* a RLUIPA case arising from two denials of a Jewish congregation's application for a conditional use permit, the City of Los Angeles made similar arguments to those raised by defendants here. *See* 2011 WL 12462883, at *7. In a motion for judgment on the pleadings, the city argued that it was entitled to dismissal because the congregation's claims had been adjudicated through the zoning board's administrative proceedings, and that the factual and legal findings of the board were entitled to preclusive effect in federal district court. *Id.* at *2. The court rejected that argument and held that the land use board's factual findings and legal conclusions had no preclusive effect on its adjudication of the RLUIPA claims before it. *Id.* at *7. The court observed that it would have been impossible to raise RLUIPA claims before the land use board because it was that board's decision—specifically, its "allegedly discriminatory nature"—that gave rise to the congregation's cause of action. *Id.* (internal quotation

11

marks and citation omitted).  The court went on to agree with the United States, which had filed a statement of interest, that the congressional purpose in enacting RLUIPA—namely, to remedy religious discrimination by local land use boards— "would be thwarted if zoning boards are able to insulate actions that would violate RLUIPA by making a ruling purportedly under RLUIPA and then arguing that a claimant is precluded from challenging the ruling."  *Id.*; *see also Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 261-62 (4th Cir. 2019) (applying a non-deferential standard of review and holding, in a case in which a religious group's second petition for land use relief was denied by the municipality on *res judicata* grounds, that plaintiff had adequately alleged RLUIPA claims).

Here, too, defendants cannot avoid the scrutiny imposed by RLUIPA on their denial of plaintiffs' land use application by relying on the purported permissibility of their *res judicata* justification for that denial.  Defendants' argument that the Zoning Board's decision was permissible under state law, *see* Defs.' Mot. at 12-20, cannot preclude this Court from reviewing the decision or entitle the Zoning Board to the deferential arbitrary and capricious standard of review on plaintiffs' RLUIPA claims. Doing so would be inconsistent with the above discussed RLUIPA case law and Congress's instruction that RLUIPA "shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution."  42 U.S.C. § 2000cc-3(g); *accord Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, 226 F. Supp. 3d 320, 341 (D.N.J. 2016).  Accordingly, defendants'

request that this Court defer to the Zoning Board's justification for denying plaintiffs' conditional use and variance application must be denied.

**B.    Plaintiffs' RLUIPA Claims Are Ripe**

Defendants alternatively argue that the Court should dismiss or "remand" plaintiffs' RLUIPA claims because they are not ripe.  Defs.' Mot. at 20-22.  This argument fails, however, because the Zoning Board denied plaintiffs' conditional use and variance application, which prevented plaintiffs from using their land for religious exercise.  Ripeness requires nothing more.

"The ripeness doctrine serves to determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine."  *Cnty. Concrete Corp. v. Twp. of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006) (internal quotation marks and citations omitted); *see also Peachlum v. City of York*, 333 F.3d 429, 434 (3d Cir. 2003) (weighing "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration") (internal quotation marks and citation omitted).  A land use claim is ripe if (1) "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue," and (2) the decision "inflicts an actual, concrete injury."  *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 193 (1985), *overruled on other grounds by Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019); *see also Peachlum*,

333 F.3d at 436-37 (holding that exhaustion of administrative remedies is not required).  Plaintiffs' RLUIPA claims easily meet this standard.[7]

First, the Zoning Board clearly reached a "final decision."  *See Williamson Cnty.,* 473 U.S. at 186.  On July 13, 2021, Plaintiffs filed an application with the Zoning Board to construct a synagogue, seeking approvals for variances and a conditional use.  Compl. ¶¶ 217-24.  The Zoning Board denied the application on December 19, 2022.  *Id.* ¶¶ 321-22.  In a resolution memorializing that denial, the Zoning Board concluded that the application "constitute[d] a significant intensification" compared to the variance application that was denied in 2001 and that the neighborhood had not materially changed in the interim.  Resolution Cal. No. 3800-21, Defs.' Mot. Ex. C, ¶¶ 57-59.  On these grounds and others, the Zoning Board stated that the application was "denied as a matter of law . . . pursuant to the doctrine of *res judicata*."  *Id.* at 23.  The resolution did not request any additional information or actions from the applicant, allow for any further proceedings on the application, or leave open any possibility of reconsideration.  *See generally id.*  Thus, the Zoning Board's decision was final.  *See Church of Our Lord & Savior Jesus Christ*

---

[7]  In addition to challenging the denial of their application, plaintiffs claim that the Township's zoning regulations are an unreasonable limitation on religious uses, treat religious uses differently than secular ones, and violate RLUIPA on their face.  *See* Compl. ¶¶ 331-44.  A "'final decision' is not necessary" for facial claims because such claims assert "that *any* application of the regulation" is unlawful.  *Cnty. Concrete Corp.*, 442 F.3d at 164 (internal quotation marks and citation omitted); *see also Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 287 (5th Cir. 2012) (holding that a final decision is unnecessary for facial RLUIPA claims); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 915 F. Supp. 2d 574, 595 & n.7 (S.D.N.Y. 2013) (same).  Accordingly, plaintiffs' facial RLUIPA claims require no "final decision."

*v. City of Markham*, 913 F.3d 670, 678-79 (7th Cir. 2019) (determining that city had issued a final decision, despite the plaintiff's failure to apply for parking variance, because "nothing . . . suggest[ed] the city might reconsider" its decision to bar the church from operating); *Israelite Church of God in Jesus Christ, Inc. v. City of Hackensack*, No. CIV.A. 11-5960, 2012 WL 3284054, at *1-5 (D.N.J. Aug. 10, 2012) (holding RLUIPA claims that city unlawfully delayed in approving a church's application were ripe because "the process of obtaining a final decision on the land use application [had] concluded" and there was "nothing that the [plaintiff] could have done . . . to ripen it further").

Second, the Zoning Board's decision caused "an actual, concrete injury." *See Williamson Cnty.*, 473 U.S. at 193. Specifically, plaintiffs allege that the denial has prevented Chai Center from using the property for its religious needs, created "expense, delay and uncertainty," and caused it to suffer "the loss of donations, costs incurred pursuing the application, and rental costs incurred for replacement facilities." Compl. ¶¶ 351-53. Defendants do not dispute the sufficiency of those allegations.

Nonetheless, defendants argue that the matter should be remanded to the Zoning Board, asserting that the board "rendered its decision on procedural grounds and should be afforded the opportunity to render a substantive decision on the merits." Defs.' Br. at 20-22. This argument is untethered from law and contrary to congressional intent.

15

To begin, the Federal Rules of Civil Procedure provide no mechanism for remanding this matter to the Zoning Board, and defendants provide no legal basis or explanation of how a remand involving plaintiffs' RLUIPA claims could occur.[8] Furthermore, under defendants' argument, a land-use authority could delay or thwart federal court review under RLUIPA simply by framing its decisions as procedural. This would contravene RLUIPA's broad mandate of religious protection. 42 U.S.C. § 2000cc-3(g); *see also Garden State Islamic Ctr. v. City of Vineland*, 358 F. Supp. 3d 377, 382 (D.N.J. 2018) (holding RLUIPA claims ripe based on allegations that "the issuance of a final decision [was] being held in abeyance . . . with intent to frustrate [the plaintiff]'s existence"); *Israelite Church of God*, 2012 WL 3284054, at *5 ("The idea that municipalities can escape the strictures of RLUIPA just by running applicants in infinite circles appears quite inconsistent with Congress's intent.").

Lastly, even if the matter were somehow remanded, the Zoning Board has made clear that it would nonetheless reject the 2021 application, just like it did the 2000 application. *See, e.g.*, Resolution Cal. No. 3800-21, Defs.' Mot. Ex. C, ¶ 61(a) and (c) ("The second application is substantially similar to the first . . . . There is no

---

[8]  Defendants cite no case in which a federal court remanded a land use decision challenged by a RLUIPA claim back to a local zoning board. The decisions cited by defendants in which state courts remanded zoning matters are inapplicable. *See* Defs.' Mot. at 22 (citing *House of Fire Christian Church v. Zoning Bd. of Adjustment of City of Clifton*, 379 N.J. Super. 526 (App. Div. 2005); *Allied Realty, Ltd. v. Borough of Upper Saddle River*, 221 N.J. Super. 407 (App. Div. 1987)). Procedural questions and ripeness inquiries are governed solely by federal law, so state-law rulings are inapplicable. *See Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3d Cir. 1986); *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 302 & n.11 (3d Cir. 2012). Moreover, there were no federal claims or ripeness issues raised in *Allied Realty*. *See generally* 221 N.J. Super. 407.

substantial change in the application itself given that the application significantly exacerbates the conditions and factors that caused the Board to deny the Previous Application in 2001.").  The ripeness doctrine does not demand that plaintiffs obtain yet another, seemingly predestined denial.  *Cf. Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 349 (2d Cir. 2005) ("A property owner . . . will be excused from obtaining a final decision if pursuing an appeal to a zoning board of appeals or seeking a variance would be futile."); *Assisted Living Assocs. of Moorestown, L.L.C. v. Moorestown Twp.*, 996 F. Supp. 409, 426 (D.N.J. 1998) (similar).

In sum, the Zoning Board reached a final decision, which harmed plaintiffs. Dismissing plaintiffs' RLUIPA claims would prolong that harm and would not further crystallize the dispute.  Therefore, plaintiffs' RLUIPA claims are ripe.

## IV.   CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court consider the above views in deciding defendants' motion for judgment on the pleadings and deny the motion with respect to plaintiffs' RLUIPA claims.

Dated:          December 4, 2023

                                        Respectfully submitted,


        PHILIP R. SELLINGER                    KRISTEN CLARKE
        United States Attorney                 Assistant Attorney General
        District of New Jersey                 CARRIE PAGNUCCO
                                               Chief

By:     *s/Susan Millenky*            By:      *s/ Nathan Shulock*
        SUSAN MILLENKY                         NOAH SACKS
        Assistant United States Attorney       NATHAN SHULOCK
        District of New Jersey                 Trial Attorneys
        970 Broad Street, Suite 700            Housing and Civil Enforcement Sect
        Newark, NJ 07102                       Civil Rights Division
        Phone: (973) 645-2700                  U.S. Department of Justice
        susan.millenky@usdoj.gov               150 M Street, NE
                                               Washington, DC 20530
                                               Phone: (202) 598-3254
                                               nathan.shulock@usdoj.gov


                *Attorneys for the United States of America*