# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAI CENTER FOR LIVING JUDAISM, INC., and RIVKAH BOGOMILSKY,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF MILLBURN, NEW JERSEY, and TOWNSHIP OF MILLBURN, NEW JERSEY ZONING BOARD OF ADJUSTMENT,<br><br>Defendants. | Civil Case No. 2:23-cv-1833<br><br>**AMENDED SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a conference on December 6, 2023; and for the reasons set forth on the record on that date; and for good cause shown:

**IT IS on this 16th day of January, 2024;**

## I. DISCOVERY

1. Fact discovery is to remain open through **June 30, 2024.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2. The parties have served written discovery. Defendants' responses to Plaintiffs' Requests for Admissions are due January 5, 2024. All other responses to written discovery from all parties are due **no later than February 14, 2024.**

3. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **June 30, 2024.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A).

No instruction not to answer shall be given unless a privilege is implicated.

If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition. **Failure to contact the Undersigned to**

**intervene in a deposition dispute, before adjourning or completing the deposition, will constitute waiver of the right to seek relief for that deposition dispute.**

4.     Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the specific discovery requested; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient, including citations to appropriate caselaw; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

<u>Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.</u>

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **May 31, 2024. The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date.**

## II.    DISCOVERY CONFIDENTIALITY ORDERS

Any proposed confidentiality order agreed to by the parties must strictly comply with Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5.3. See also <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772 (3d Cir. 1994); <u>Glenmede Trust Co. v. Thompson</u>, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** See L. Civ. R. 5.3. The Court shall enter the Order submitted by the parties.

## III.   FUTURE CONFERENCES

5.     There shall be a telephone status conference before the Undersigned on **March 25, 2024, at 11:30 a.m.** Counsel shall dial 1-888-684-8852 and enter access code 1456817# to join the call.

6.     The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

7. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

8. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

9. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## IV. MOTIONS

10. Any motion to add new parties or amend pleadings, whether by amended or third- party complaint, must be filed not later than **April 1, 2024**.

11. <u>No discovery or summary judgment motions are to be filed without prior written permission from this Court.</u> All motions shall comply with Local Civil Rules 7.1(b) and 56.1.

12. Dispositive motions, if any, are to be filed by **December 27, 2024**.

## V. EXPERTS

13. The parties shall serve expert reports concerning those issues on which they have the burden of persuasion simultaneously on or before **July 15, 2024**, and then rebuttal expert reports shall be served on or before **August 15, 2024**. With respect to other claims, Plaintiffs shall serve its expert reports on **July 15, 2024**, and Defendants shall serve any response reports by **August 15, 2024**. Any supplemental expert reports shall be served by **August 30, 2024**.

14. Any expert report shall be in the form and content as required by Federal Rule of Civil Procedure 26(a)(2)(B).

15. All expert discovery, including the completion of depositions, shall be completed by **October 15, 2024**.

16. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his or her report.

## VI. FINAL PRETRIAL CONFERENCE

17. A final pretrial conference shall be conducted pursuant to Federal Rule of Civil Procedure 16(d) on **[TO BE SET]**.

18. All counsel are directed to assemble at the office of Plaintiffs' counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form

and content required by the Court. Plaintiffs' counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

19. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

20. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 16(f) and 37.**

SO ORDERED

*s/Michael A. Hammer*
Michael A. Hammer, U.S.M.J.

Date: 1/16/2024

4